T. J. DURANT *v.* J. L. RIDDELL.

The erection of a verandah of the same width with the street, in front of one's house, is not an infringement of the rights of the owner of the adjoining tenement and cannot be complained of as in violation of the Articles of the Civil Code regulating the servitudes of light and view.

APPEAL from the Sixth District Court of New Orleans, *Cotton*, J. *C. Roselius*, for plaintiff and appellant.  *Benjamin, Bradford & Finney*, for defendant.

BUCHANAN. J.   Plaintiff and defendant are owners of adjoining tenements, having a front on Baronne street in this city.   Defendant has erected a verandah in front of his house, of the same width with the side-walk of Baronne street, and supported by iron columns.   Plaintiff complains of this as a nuisance which has caused him pecuniary damage, and prays for its abatement.

In argument, plaintiff relies upon Articles 707, 711, 712 and 713 of the Civil Code.   An examination of the evidence does not show an infringement by defendant of any of those Articles.   The servitudes of light and view, which plaintiff may claim, are those which are common to all the front proprietors of Baronne street, and no more.   The distinction which is made in the petition between a right to erect a balcony of three or four feet in width in front of one's property (which is admitted,) and the right to erect a balcony or verandah of the width of the side-walk of Baronne street (which is denied) is purely fanciful, and has no foundation in law or in reason.   Every front proprietor is clearly under an obligation not to obstruct the free use of the street; and the enforcement of this obligation concerns the municipal authority, which has enforced it, as shown by the ordinance of 1852, by the prohibition to erect awnings or balconies, which shall be less elevated than eight feet, above the side-walk.   As to the verandahs, of the kind erected by the defendant, extending over the whole breadth of the side-walk and elevated far above it by columns on a line with the curb stone, which the evidence shows to have become so common of late years, they are very obviously, so far as the public is concerned, a great improvement as compared with the hanging galleries and wooden sheds which extend only to the half or the third of the width of the side-walk, and from which the drip, in rainy weather, is so great an annoyance to foot passengers.   These modern verandahs, on the contrary, afford a perfect shelter from the sun and weather, to passers by the front of the houses to which they are attached.   In sultry climates, the necessity of shade from the sun, to health, and comfort, has universally introduced the custom of balconies or verandahs; which in this respect, are equally beneficial to the inmates of the houses, and to wayfarers.   So much for the public considerations attaching to this subject; and which are the only ones really presented by the evidence, inasmuch as the plaintiff has not pretended to have any servitude upon the property of his neighbor the defendant, created by convention or written title.

As to the acts of defendant and his tenants, alleged to have caused damage to plaintiff, we perceive an inconsistency in the complaint first made, that the erection of the verandah was an intrusion upon the privacy of the plaintiff's dwelling, by enabling defendant's tenants to look into plaintiff's bedchambers; and the second complaint, (after defendant had erected a screen or lattice upon the south end of his veranhah) that the screen or lattice so erected, obstructed the prospect towards Canal street.   The defendant, in erecting such screen, appears to have been actuated by a sincere desire to obviate the objections previously made by his neighbor, to the verandah; and to have used every exertion to protect the plaintiff from the indiscretion or impertinence of defendant's tenants.

Being of opinion that the defendant has not invaded the legal rights of the plaintiff, in the erection of the verandah in question, the judgment of the District Court is affirmed, with costs.